UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PAULA MAIRS,

        Plaintiff,

Case No. 1:05-CV-444

v.

Hon. Richard Alan Enslen

ADVANCED REALTY SYSTEMS,
INC., *et al.*,

**ORDER**

        Defendant.
_____/

Pending before the Court is Plaintiff Paula Mairs' Motion to Set Aside the May 17, 2006 Order dismissing Defendant American Residential Funding, Inc. Plaintiff has also filed a Request for Entry of Default against said Defendant, which is for the Clerk under Federal Rule of Civil Procedure 55(a), but which cannot be addressed until such time as the Court acts on the Motion to Set Aside. Oral argument is unnecessary given the briefing.

The May 17, 2006 Order was premised upon an unexplained delay in the prosecution of default against Defendant American Residential Funding, Inc. The Motion to Set Aside now explains that the delay and non-compliance with the Court's April 10, 2006 Order was accidental and was due to inadvertence–Plaintiff's attorney was on vacation when the April 10, 2006 Order entered and overlooked the Order upon his return from vacation. Such circumstances constitute excusable neglect under Rule 6(b) and warrant vacation of the dismissal Order.[1] *See Pioneer Invest. Servs. Co. v. Brunswick Assocs. Lmt. Partshp.*, 507 U.S. 380, 391-92 (1993).

---

[1] This Motion to Set Aside was brought within two days of the entry of the dismissal Order such that, even assuming the time requirement of Rule 59(e) was implicated by Plaintiff's Motion, such requirement is met.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Paula Mairs' Motion to Set Aside Dismissal (Dkt. No. 78) is **GRANTED** and the Order of May 17, 2006 (Dkt. No. 77) is **VACATED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to act upon Plaintiff's Request for Entry of Default (Dkt. No. 80).

**IT IS FURTHER ORDERED** that, should default be entered against Defendant American Residential Funding, Inc., Plaintiff shall reserve filing a motion for default judgment until after claims against the non-defaulting parties have been resolved so as to conform to the rule in *Frow v. Del La Vega*, 82 U.S. 552, 554 (1872).

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>        June 12, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |